IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Garey Scott Tryon, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:11-2510-MGL-BM |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Garey Scott Tryon ("Tryon") brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. In his Report and Recommendation, the Magistrate Judge recommends affirming the Commissioner's decision. Tryon filed objections to the Report and Recommendation seeking a reversal of the Administrative Law Judge's ("ALJ") decision and an award of benefits or alternatively, a remand of this matter for supplemental proceedings. (ECF No. 21 at 23.) For the reasons stated below, the court adopts the Report and Recommendation and affirms the Commissioner's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Tyron was forty-seven (47) years old when he claims he became disabled and has a high school education with

past relevant work experience as an EMT. (Tr. 27.) Tryon filed applications for DIB and SSI on March 10, 2008, alleging disability as of May 31, 2007 (amended at the hearing to reflect a disability onset date of September 15, 2008) due to leg and neck pain. (Tr. 16.) The claims were denied initially on December 11, 2008 and upon reconsideration on October 2, 2009. (Tr. 16.) Tryon requested a hearing before an Administrative Law Judge ("ALJ") which was held on August 18, 2010. (Tr. 16.) The ALJ concluded that Tryon was not under a disability as defined by the Social Security Act in a decision dated September 8, 2010. (Tr. 29.) The ALJ's decision became the final decision of the Commissioner on July 21, 2011. (Tr. 1.) Tryon subsequently filed an action in this court. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision and found that there is substantial evidence to support the decision of the Commissioner. (ECF No. 20 at 4). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify

any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## III. PARTIES' RESPONSE

Plaintiff Tryon filed objections to the Report and Recommendation on October 15, 2012, raising three central arguments: 1) the Report and Recommendation did not address the Commissioner's failure to state what weight was given to the opinion of the treating neurologist and also did not address the Commissioner's "inconsistent application of the stated rationale used in weighing the opinion of the treating primary care physician;" 2) the Report and Recommendation failed to address the logistics of Tryon performing light work; and 3) the Report and Recommendation erroneously concluded that no vocational expert testimony was needed. (ECF No. 21 at 2.) In response, the Commissioner maintains that Tryon's objections should be rejected and the Magistrate Judge's Report and Recommendation adopted. (ECF No. 22.)

## IV. DISCUSSION OF THE LAW

### A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th

Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032 *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

    **B.**    **ALJ's Treatment of Drs. Brennan and Moore.**

As a first objection, Tryon states that the Report and Recommendation fails to address the issue of the weight given to the opinion of Dr. Brennan, Tryon's treating neurologist. (ECF No. 21 at 4.) Tryon does not necessarily take the position, in his Objections, that the opinion be given controlling weight, instead Tryon argues that the ALJ failed to adequately state the weight and to provide the rationale she gave to the opinion of Dr. Brennan, thereby depriving this court of the means by which it can determine whether the Commissioner's decision was supported by substantial

evidence. (ECF No. 21 at 5.) The court disagrees and can conclude on this record that the Commissioner's decision was supported by substantial evidence.

The ALJ's assessment is to be based on all relevant evidence in the case record. *See* 20 C.F.R. 404.1545(a). As to Dr. Moore, the Magistrate noted that the decision reflects that the ALJ reviewed all of the medical evidence as well as Tryon's subjective testimony in reaching her decision and found that there is substantial evidence in the record to support her decision to discount Dr. Moore's opinion of disability. (ECF No. 20 at 10.) Of course, "judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator," but here, the ALJ has set forth an adequate explanation of his treatment of Dr. Brennan's opinion. *See DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). The ALJ "considered the opinions given by the claimant's treating sources" meaning that he did not disregard them.[1] (Tr. 25.) Specifically concerning Dr. Brennan's opinion, the ALJ explained: "the issue of whether the claimant could return to prior work is an administrative finding reserved for the Commissioner; therefore, a treating source's opinion on this issue is considered, but not accorded with controlling weight or special significance." (Tr. 25). Of course, Dr. Brennan's (and others) non-medical opinions, i.e., indicating claimant is unable to return to prior work, are not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d); *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (statements that a claimant could not be gainfully employed are not medical opinions, but opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner). On the whole, the ALJ's

---

[1]Even still, an ALJ may disregard a treating physician's opinion if there is persuasive contradictory evidence and the ALJ fully articulates his reasons in choosing to discredit the report of the treating physician. *Smith v. Schweiker*, 795 F.2d 343, 345–46 (4th Cir.1986); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983).

analysis and discussion of Dr. Brennan's medical and non-medical opinions, in light of their substantive content, allow the court to determine that the ALJ's decision is supported by substantial evidence. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.1986).

Tryon also objects to the Report and Recommendation on the basis that the Magistrate Judge misunderstood Tryon's allegation of error concerning Dr. Moore. (ECF No. 21 at 6.) Tryon maintains that the Commissioner committed error through his inconsistent application of his stated rationale. (ECF No. 21 at 6.) Tryon appears to make the argument that the Commissioner's stated reasons concerning the weight given to the treating physician's opinions are mere pretenses. (ECF No. 21 at 7.) The court has reviewed the several reasons set forth by the ALJ for assigning Dr. Moore's opinion "less weight" (Tr. 26) and taken as a whole, finds them to be proper and appropriate. Therefore, Tryon's objections are without merit.

  **C.**  **ALJ's Residual Functional Capacity Assessment and Ability for Plaintiff to Perform Light Work.**

Next, Tryon objects to the ALJ's Residual Functional Capacity ("RFC") assessment, specifically, the finding that Tryon could be capable of standing or walking for up to six hours in a work day. (ECF No. 21 at 8.) Tryon argues that "the failure of the Report and Recommendation to address the lack of any rationale offered by the Commissioner to explain how [Tryon] could stand for up to six hours; and the failure of the Commissioner to affirmatively reject contradictory evidence and explain his rationale for doing so, constitutes error." (ECF No. 21 at 9.) Tryon claims that the findings of two non-examining state agency consultants that Tryon could perform light work directly contradicts the medical opinions reached by Tryon's treating physicians. (ECF No. 21 at 9.) The Magistrate Judge found that the ALJ's decision reflects a thorough review and analysis of the

evidence and provides substantial evidence to support the ALJ's RFC finding, including the conclusion that Tryon could stand and/or walk (with normal breaks) for a total of about six hours in an eight hour work day. (ECF No. 20 at 6, 11.) Again, this court finds that the ALJ's decision is supported by substantial evidence and also indicates that she conducted the necessary analysis of these issues. The Magistrate Judge noted the ALJ's discussion of the opinions and findings of Drs. Brennan, Patel, Moore, and the state agency physicians in addressing this very argument raised in Tryon's objection. The ALJ explained her reasons for the RFC assigned, taking into account the medical records, notes, examinations, and other evidence as well as Tryon's ability to independently perform activities of daily living. (Tr. 26-27.) It is the job of the ALJ–not any particular physician– to determine a claimant's RFC based on all of the evidence in the record. *See Koonce v. Apfel*, 166 F.3d 1209, at *4 (4th Cir. 1999) (unpublished table decision). The court finds that Tryon's objections fail to add any new arguments that would make this court reject the Magistrate Judge's Report and Recommendation as it relates to this argument. The court finds that the ALJ's RFC decision is supported by substantial evidence.

> **D.     Report and Recommendation's conclusion that no Vocational Expert testimony was needed.**

Finally, Tryon argues that the Magistrate Judge erred in concluding that the facts of Tryon's case allowed the ALJ to rely solely on the Medical-Vocational Guidelines (the "Grids") as a basis for the decision. (ECF No. 21 at 10). The Magistrate Judge considered this objection in his Report and Recommendation as it was previously raised as a claim of error in Tryon's briefing. (ECF No. 20 at 12.) The Magistrate Judge noted that in appropriate circumstances, the ALJ can use the Grids to direct a finding that a claimant is not disabled. (ECF No. 20 at 12-13.) Based on the ALJ's finding

that Tryon's limitation had little to no effect on the occupational base of unskilled light work, the Magistrate judge found no reversible error in the ALJ's use of the Grids in this case. (ECF No. 20 at 13.) Adding to the argument that was considered by the Magistrate Judge, in his objections, Tryon argues that the Report and Recommendation does not address Tryon's limitation based on the use of both hands which might affect the light occupational base. (ECF No. 21 at 10.) Tryon maintains that "measurements of hand strength [do] not address issues of pain and numbness that were well documented by [Tryon's] treating neurosurgeon and primary care physician." (ECF No. 24 at 2.) Tryon's argument overlooks the fact that the ALJ also assessed Tryon's subjective complaint of pain and the objective medical evidence. The ALJ found that Tryon's limitation had little to no effect on the occupational base of unskilled light work. (Tr. 28.)

The Grids, located at 20 C.F.R. Part 404, subpart P, appendix 2, were promulgated to improve the uniformity and efficiency of vocational experts' treatment of similarly situated claimants when determining if there are suitable jobs in the national economy for claimants. *See Heckler v. Campbell*, 461 U.S. 458, 461 (1983). The Grids consider four factors identified by Congress —physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. *Id.* at 461-462. Also taken into consideration are several work categories, defined in terms of the physical demands placed on a worker, i.e., sedentary, light, medium, heavy or very heavy work. *Id.* at 462; 20 C.F.R. § 404.1567. "Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform." *Heckler*, 461 U.S. at 462. The claimant is not considered disabled if such work exists. *Id.* The Grids, however, only consider the "strength or exertional component of a claimant's disability in

determining whether jobs exist that the claimant is able to perform in spite of his disability. *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). In a case where pain occurs only upon exertion and limits one's strength functioning, the grid tables will apply, however, when a claimant suffers from both exertional and nonexertional limitations, the grid tables are not conclusive but may only serve as guidelines. *Id*. While "not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids, the proper inquiry . . . is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Walker*, 889 F.2d at 49. When the Commissioner is unable to rely on the grids, he must prove through additional evidence, such as testimony of a vocational expert, that jobs exist in the national economy which the claimant can perform. *See id.* at 49–50. Here, the court finds no error in the ALJ's application of the Grids in view of the objective medical evidence and the subjective evidence in the record of Tryon's pain. This evidence, including Tryon's handling and fingering capabilities, was analyzed and considered by the ALJ in determining Tryon's RFC. Of the credible complaints, the ALJ specifically found that Tryon's limitations have "little to no effect on the occupational base of unskilled light work." (Tr. 28.) To the extent he seeks to do so in his objections to the Report and Recommendation, Tryon had not previously objected to the ALJ's credibility findings as it relates to Tryon's statements "concerning the intensity, persistence and limiting effects of [his] symptoms" and cannot do so for the first time in his objections to the Magistrate Judge's Report and Recommendation. (Tr. 22.) *See Folkes v. Byrd*, No. 8:10-22-HMH-BHH, 2010 WL 4721575, *2 (D.S.C. Nov. 15, 2010); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (declining to address an issue that was raised for the first time in a party's objections to the Magistrate Judge's Report and Recommendation).

## CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Thus, the court adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner is AFFIRMED.

It is SO ORDERED.

s/ Mary G. Lewis<br>United States District Judge

Spartanburg, South Carolina
December 5, 2012